# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANAE COLBERT; TAMMY MARIE COLBERT; KAIDEN R. FLANAGAN and KARTER A. FLANAGAN, minors, by and through their Guardian ad Litem, Johnny Ples Flanagan III,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>IC MARKS, INC., a Delaware corporation; QVC, INC., a Delaware corporation; QURATE RETAIL, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　　　　　Defendants. | Case No.: 3:23-cv-00924-GPC-VET<br><br>**ORDER GRANTING PETITION TO APPROVE MINORS' INTEREST IN THE SETTLEMENT OF ACTION AND RELATED MOTION TO SEAL**<br><br>[Doc. Nos. 13 and 15] |

Before the Court is Petitioner Johnny Ples Flanagan, III's unopposed Petition to Approve Minors' Interest in the Settlement of Action (the "Petition"). Doc. No. 15. For the reasons stated below, the Court **GRANTS** the Petition.

## I.  BACKGROUND AND NATURE OF THE CLAIM

Plaintiffs initiated this action in San Diego Superior Court alleging claims for personal injury and emotional distress against Defendants IC Marks, Inc., QVC, Inc., and Qurate Retail, Inc. (collectively, "Defendants"). Doc. No. 1 at Ex. A. Defendants subsequently removed the case to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1441(b). Doc. No. 1. Plaintiffs allege that Plaintiff Janae Colbert was severely burned by a pressure cooker manufactured and sold by Defendants. *Id.* at Ex. A. The pressure cooker's lid purportedly flew off, causing the contents to burn Plaintiff Colbert's chest and abdomen. *Id.* Her minor sons, Plaintiffs Kaiden R. Flanagan and Karter A. Flanagan (the "Minor Plaintiffs"), witnessed the incident. *Id.* The Minor Plaintiffs were young children at the time of the incident, ages three and five respectively, and neither has significant memories of the event. Doc. No. 15 at 2. Furthermore, both allege emotional distress damages only and neither received nor required psychological or psychiatric treatment due to the incident. *Id.*

On or about December 18, 2023, with the assistance of Magistrate Judge Daniel Butcher, the parties agreed to settle all of Plaintiffs' claims for $425,000, inclusive of attorney's fees and costs. *Id.* at 2–3. As guardian ad litem for the Minor Plaintiffs, Petitioner now seeks approval to settle each of the Minor Plaintiffs' claims for $10,000, to be deposited in a savings account in each minor's name. *Id.* at 4. Absent a court order, withdrawals from these accounts will be prohibited until each minor reaches 18 years of age. *Id.*

## II.  LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving

1

minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("Thus, a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem*.").

In examining settlement of a minor's federal claims, the focus is solely on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. The Court evaluates the "fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for the adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182.

In the context of settlement of state law claims, federal courts generally are guided by state law. *E.H. v. Exposition*, No. 2:22-cv-01844-DAD-DB, 2023 U.S. Dist. LEXIS 219523, at *4 (E.D. Cal. Dec. 8, 2023). And under California law, the Court must "evaluate the reasonableness of the settlement and determine whether the compromise is in the best interest of the minor." *A.M.L., et al. v. Cernaianu, M.D., et al.*, No. LA CV12-06082 JAK (RZx), 2014 U.S. Dist. LEXIS 197216, at *7 (C.D. Cal. Apr. 1, 2014). The court is afforded "broad power . . . to authorize payment from the settlement—to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it." *Goldberg v. Super. Ct.*, 23 Cal. App. 4th 1378, 1382 (1994); *see also Pearson v. Super. Ct.*, 202 Cal. App. 4th 1333, 1340 (2012) (explaining the purpose of requiring court approval of a minor's settlement is to "allow[] the guardians of a minor to effectively negotiate a settlement while at the same time protect[ing] the minor's interest by requiring court approval before the settlement can have a binding effect on the minor").

Furthermore, this Court's Local Rules state, "[no] action by or on behalf of a minor . . . will be settled, compromised, voluntarily discontinued, dismissed, or terminated without court order or judgment. All settlements and compromises must be reviewed by a magistrate judge before any order of approval will issue." CivLR 17.1(a). In addition, any "[m]oney or property recovered by a minor or incompetent California resident by settlement or judgment must be paid and disbursed in accordance with California Probate Code Section 3600, *et seq.*" CivLR 17.1(b)(1).

### III.  DISCUSSION

Here, the parties agreed to settle Plaintiffs' claims for a total of $425,000, with each of the Minor Plaintiffs receiving $10,000 to settle their respective claims. Doc. No. 15 at 4. Each Minor Plaintiffs' $10,000 settlement would be deposited into a separate, blocked savings account in the minor's name and in a financial institution which is a member of the FDIC. *Id*. Absent a court order, no withdrawals may be made from the blocked savings account until each minor reaches 18 years of age. *Id*. When each minor attains the age of 18 years, the financial institution is authorized to pay all the moneys, including interest, directly to the former minor from their named account. *Id*. Petitioner does not propose reducing the Minor Plaintiffs' settlement for attorney's fees or costs.

The Minor Plaintiffs' settlement is consistent with other settlements in California. Specifically, minors asserting claims based on witnessing a tortious incident recovered comparable settlements. *See, e.g.*, *Smith v. City of Stockton*, 185 F. Supp. 3d 1242, 1244 (E.D. Cal. 2016) (minor's settlement amount of $11,873 approved after witnessing police injure his mentally handicapped brother); *Holgerson v. L&L Trucking LLC*, No. 2:22-cv-01934-DAD-AC, 2024 U.S. Dist. LEXIS 25065, at *1–4 (E.D. Cal. Feb. 13, 2024) (two minors involved in a vehicle collision were each apportioned $15,000 individually when they witnessed a parent's injury but were relatively uninjured themselves); Doc. No. 15-1 at Ex. A (identifying $1,640,000 settlement for claims arising from tire blow out, with $10,000 paid to minor plaintiff who claimed bystander emotional distress, no physical injuries, and received no counseling); *see also Dumas v. Sunview Properties*,

No. 13cv1425-WQH (JLB), 2015 U.S. Dist. LEXIS 27878, at *5–7 (S.D. Cal. Jan. 29, 2015) (report and recommendation that minor's settlement for $10,000 be approved in discrimination case), *adopted by* 2015 U.S. Dist. LEXIS 27879, at *4 (S.D. Cal. Mar. 5, 2015). These cases support the conclusion that a net settlement of $10,000 for each Minor Plaintiff is fair and reasonable.

The circumstances of the settlement further support this conclusion. The parties negotiated and reached the terms of the proposed settlement with the assistance of Magistrate Judge Butcher following an Early Neutral Evaluation Conference. *See, e.g.*, *Parenti v. Cty. of Monterey*, No. 14-cv-05481-BLF, 2019 U.S. Dist. LEXIS 44220, at *3 (N.D. Cal. Mar. 18, 2019) (approving a minor's compromise as reasonable in part because "the parties engaged in extensive negotiations with a magistrate judge to reach settlement").

Moreover, the Minor Plaintiffs did not suffer any physical injuries and did not require or receive any psychological or psychiatric treatment because of the incident. They are not seeking any special damages and no medical provider is seeking reimbursement for any medical care. The Minor Plaintiffs also have no significant memory of the incident, likely due to their respective ages at the time of the incident.

Upon considering the facts of the case, the Minor Plaintiffs' claims, and recoveries in similar actions, the Court finds that the net amount of the settlement for each Minor Plaintiff to be fair, reasonable, and in the Minor Plaintiffs' best interests considering the facts and circumstances of this action. The Court also finds that the Petitioner's proposed method of disbursement of the Minor Plaintiffs' net settlement proceeds is fair, reasonable, and compliant with the relevant California Probate Code governing approval of minor's compromises. *See* Cal. Prob. Code § 3611(b).

### IV.   MOTION TO FILE ORDER UNDER SEAL

Also pending before the Court is Petitioner's Motion to File Order Under Seal ("Motion to Seal"), filed in connection with the Petition. *See* Doc. No. 13. Therein, pursuant to Federal Rule of Civil Procedure 5.2, Petitioner requests sealing a "proposed

Order" approving the Petition and Petitioner's declaration filed in support of the Petition because the documents include the Minor Plaintiffs' dates of birth. *Id.* at 2.

The only document lodged with the Court in connection with the Motion to Seal is Petitioner's declaration, which lists the Minor Plaintiffs' birthdates. *See* Doc. No. 14. Accordingly, based on a review of the Motion to Seal, and the lodged document, the Court **GRANTS** the Motion to Seal Petitioner's declaration, lodged at Doc. No. 14. *See, e.g.*, *R.J. v. Cty. of San Diego*, No. 22-cv-1905-WQH-MMP, 2023 U.S. Dist. LEXIS 178414, at *4 (S.D. Cal. Oct. 3, 2023) (granting request to seal declaration containing minor plaintiffs' dates of birth).

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the unopposed Petition and Motion to Seal and **ORDERS** as follows:

1. The compromise and terms of the settlement as set forth in the Petition is in the best interests of Plaintiffs Kaiden R. Flanagan and Karter A. Flanagan and is hereby approved.

2. Guardian ad litem Johnny Ples Flanagan, III is authorized to settle the claims of Plaintiff Kaiden R. Flanagan for $10,000. The $10,000 settlement payment shall be deposited into a blocked savings account at a financial institution which is a member of the FDIC. The blocked account will belong to Kaiden R. Flanagan. No withdrawals of principal or interest may be made from the blocked account without a further written order under this case name and number, signed by a judicial officer, and bearing the seal of this Court, until the minor attains the age of 18 years. When Kaiden R. Flanagan attains the age of 18 years, the depository, without further order of the Court, is authorized and directed to pay by check or draft directly to the former minor, upon proper demand, all moneys, including interest, deposited under this Order. The money on deposit is not subject to escheat.

3. Guardian ad litem Johnny Ples Flanagan, III is authorized to settle the claims of Plaintiff Karter A. Flanagan for $10,000. The $10,000 settlement payment shall be

deposited into a blocked savings account at a financial institution which is a member of the FDIC. The blocked account will belong to Karter A. Flanagan. No withdrawals of principal or interest may be made from the blocked account without a further written order under this case name and number, signed by a judicial officer, and bearing the seal of this Court, until the minor attains the age of 18 years. When Karter A. Flanagan attains the age of 18 years, the depository, without further order of the Court, is authorized and directed to pay by check or draft directly to the former minor, upon proper demand, all moneys, including interest, deposited under this Order. The money on deposit is not subject to escheat.

4. Plaintiffs' counsel shall provide the Minor Plaintiffs' financial institution(s) with a copy of this Order.

5. Petitioner shall notify the Court when (i) the settlement amounts for the Minor Plaintiffs are paid and (ii) the separate accounts for each Minor Plaintiff are established.

6. The Clerk of the Court shall file the declaration lodged at Doc. No. 14 under seal.

**IT IS SO ORDERED.**

Dated: March 19, 2024

Honorable Valerie E. Torres
United States Magistrate Judge